FILED 2-19-08
RECEIVED
FEB 19 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

MAGISTRATE JUDGE NOLAN

AFFIDAVIT OF WARRANT IN REMOVAL PROCEEDINGS

UNITED STATES OF AMERICA )
)
NORTHERN DISTRICT OF ILLINOIS ) CASE NUMBER: 08CR 0142

The undersigned Affiant personally appeared before the Honorable Nan R. Nolan, a United States Magistrate Judge, and being duly sworn on oath, states: That at Oxford, Mississippi, one Lenard McKinney was charged with the offenses of conspiracy, making a false statement, and knowingly possessing in and affecting interstate commerce firearms having been previously convicted of two felony offenses, in violation of Title 18, United States Code, Sections 371, 2, 922(a)(6), 924(a)(2), 922(g)(1) and 924 (see Ex. A, attached Indictment); and that on the basis of Affiant's investigation and information received concerning the case through official channels, Affiant does hereby certify that an Arrest Warrant issued by the Honorable W. Allen Pepper, Jr., United States District Judge for the Northern District of Mississippi, is outstanding for the arrest of said defendant to answer an order of the United States District Court for the Northern District of Mississippi for a psychiatric/psychological examination. See Ex. B, attached Warrant and Order.

Wherefore, Affiant prays that the defendant be dealt with according to law.

X George P. Peters Jr.
Deputy U.S. Marshal GEORGE P. PETERS, JR.
U.S. Marshals Service

Subscribed and Sworn to before me this
19th day of February, 2008.

Nan R. Nolan
HON. NAN R. NOLAN
United States Magistrate Judge

[signature]
STEPHEN CHAHN LEE
Assistant United States Attorney
Northern District of Illinois

FILED
MAY 3 1 2007
DAVID CREWS, CLERK
By [signature] Deputy

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 2:07cr 101

LENARD McKINNEY, a/k/a
"Sugarman," a/k/a
"Lenard McKinley," a/k/a
"Leonard McKinney," a/k/a
"Larry Bell"

**INDICTMENT**

The Grand Jury charges that:

COUNT ONE

On or about August 21, 2006, in the Northern District of Mississippi, LENARD McKINNEY, a/k/a "Sugarman," a/k/a "Lenard McKinley," a/k/a "Leonard McKinney," a/k/a "Larry Bell," defendant, and Shelia Westmoreland, who is not charged in this indictment, did knowingly conspire with one another to commit offenses against the United States, that is to knowingly make false and fictitious oral and written statements in connection with the acquisition of firearms from a federally licensed firearms dealer as to matters material to the lawfulness of the sale of the firearms, in violation of Title 18, United States Code, Section 922 (a)(6) and 371.

It was part of the conspiracy that LENARD McKINNEY, a resident of the state of Illinois, who had previously been convicted of two (2) felony offenses, to wit:

1. ARMED ROBBERY, Circuit Court of Cook County, Illinois, Cause No. 92CR16082-03, 1992;

    2. POSSESSION OF A CONTROLLED SUBSTANCE ,Circuit Court of Cook County, Illinois, Cause No. 04CR22554, 2005;

which are crimes punishable by terms of imprisonment exceeding one year, and who was prohibited from purchasing, receiving and possessing firearms, did recruit Shelia Westmoreland, a resident of the state of Mississippi, to act as a straw purchaser of firearms selected and paid for by McKINNEY, the actual purchaser of the firearms.

Overt Acts

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, LENARD McKINNEY and Shelia Westmoreland, on or about August 21, 2006, committed the following overt acts among others:

1. McKINNEY and Westmoreland traveled to Willie's Pawn Shop in Cleveland, Mississippi. Once inside, McKINNEY asked Westmoreland to purchase four firearms.

2. McKINNEY and Westmoreland then traveled to A to Z Pawn Shop, a federally licensed firearms dealer located in Cleveland, Mississippi.

3. McKINNEY provided Westmoreland with money to purchase firearms.

4. McKINNEY and Westmoreland entered the pawn shop, and McKINNEY selected the following two firearms for Westmoreland to purchase for him:

(1) Cobra Enterprises, Model CA-380, .380 caliber pistol,
(1) Hi Point, Model CF-380, .380 caliber pistol

5. Westmoreland then completed the necessary Firearms Transaction Records, ATF Form 4473, falsely indicating that she was the true purchaser of the firearms, when she then and there well knew that McKINNEY was the true purchaser of the firearms.

All in violation of Section 371 of Title 18 of the United States Code.

COUNT TWO

On or about August 21, 2006, in the Northern District of Mississippi, LEONARD McKINNEY, a/k/a "Sugarman," a/k/a "Lenard McKinley," a/k/a "Leonard McKinney," a/k/a "Larry Bell," defendant, who had previously been convicted of two (2) felony offenses, which are crimes punishable by terms of imprisonment exceeding one year, to wit:

1. ARMED ROBBERY, Circuit Court of Cook County, Illinois, Cause No. 92CR16082-03, 1992;

2. POSSESSION OF A CONTROLLED SUBSTANCE, Circuit Court of Cook County, Illinois, Cause No. 04CR22554, 2005;

and who was prohibited from purchasing, receiving and possessing firearms, did knowingly and willfully aid, abet, counsel, cause and induce Shelia Westmoreland, who is not charged in this indictment, to make false written statements in connection with the acquisition of firearms from a federally licensed firearms dealer, that is in connection with the purchase of two (2) firearms, to wit:

(1) Cobra Enterprises, Model CA-380, .380 caliber pistol,
(1) Hi Point, Model CF-380, .380 caliber pistol

from A to Z Pawn Shop, a federally licensed firearms dealer located in Cleveland, Mississippi, and in doing so, McKINNEY knowingly and wilfully aided, abetted, counseled, caused and induced Westmoreland to falsely indicate on ATF Form 4473, Firearms Transaction Record, that she was the actual buyer of the firearms, when in truth and fact as she then and there well knew, McKINNEY was the true purchaser of the firearms, which false statement was material to the lawfulness

of the sale of the firearms in violation of sections 2, 922(a)(6) and 924(a)(2) of Title 18 of the United States Code.

COUNT THREE

On or about August 21, 2006, in the Northern District of Mississippi and elsewhere, LENARD McKINNEY, a/k/a "Sugarman," a/k/a "Lenard McKinley," a/k/a "Leonard McKinney," a/k/a "Larry Bell," defendant, having been previously convicted of two felony offenses, to wit:

1. ARMED ROBBERY, Circuit Court of Cook County, Illinois, Cause No. 92CR16082-03, 1992;

2. POSSESSION OF A CONTROLLED SUBSTANCE, Circuit Court of Cook County, Illinois, Cause No. 04CR22554, 2005;

that is crimes punishable by terms of imprisonment exceeding one year, knowingly did possess in and affecting interstate commerce two (2) firearms, to wit:

(1) Cobra Enterprises, Model CA-380, .380 caliber pistol,

(1) Hi Point, Model CF-380, .380 caliber pistol,

which firearms had previously been transported in interstate commerce, in violation of Sections 922(g)(1) and 924 of Title 18 of the United States Code.

**A TRUE BILL**

**UNITED STATES ATTORNEY**

**/S/ signature redacted**
**FOREPERSON**

AO 442 (Rev. 10/03) Warrant for Arrest

# UNITED STATES DISTRICT COURT

Northern District of Mississippi

UNITED STATES OF AMERICA

V.

LENARD McKINNEY

**WARRANT FOR ARREST**

Case Number: 2:07CR101

RECEIVED
UNITED STATES MARSHAL
2008 FEB 15 P 3:26
NORTHERN DISTRICT OF MISSISSIPPI

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest LENARD McKINNEY
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment ☐ Information ☐ Complaint ☑ Order of court ☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice

charging him or her with (brief description of offense)

pretrial supervision is revoked for the purposes of conducting the necessary psychiatric evaluation

in violation of Title 18 United States Code, Section(s) 4241

David Crews
Name of Issuing Officer

by D. Adams Deputy Clerk
Signature of Issuing Officer

Clerk of Court
Title of Issuing Officer

2/15/2008 , Oxford, Mississippi
Date Location

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RECEIVED
UNITED STATES MARSHAL
2008 FEB 15 P 12:0
NORTHERN DISTRICT
OF MISSISSIPPI

UNITED STATES OF AMERICA

VERSUS CRIMINAL NO. 2:07CR101

LENARD McKINNEY

**AMENDED ORDER**
**FOR PSYCHIATRIC/ PSYCHOLOGICAL EXAMINATION OF DEFENDANT**

On Motion by the government in the above-captioned case, for an Order pursuant to Title 18, United States Code, Section 4241, providing for a psychiatric/psychological examination of the defendant, LENARD McKINNEY, and it appearing to the Court that said motion is well taken and should be granted,

IT IS ORDERED:

1. That the defendant's Motion for Psychiatric Examination is well-taken and should be, and hereby is, GRANTED.

2. That the psychiatric/psychological examination of the defendant LENARD McKINNEY, should be conducted to determine whether defendant LENARD McKINNEY is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

3. That the Medical Center for Federal Prisoners, Springfield, Missouri, or any other appropriate federal medical facility is designated by the Court as the facility where a psychiatric examination of defendant McKINNEY should be conducted for the purpose of preparing and

submitting a report pursuant to 18 U.S.C. §§ 4241 and 4247(b) and (c).

4. That defendant McKINNEY's pretrial supervision is hereby REVOKED for purposes of conducting the necessary psychiatric evaluation and that a warrant shall be issued for defendant McKINNEY's immediate arrest; and that defendant McKINNEY be taken into custody and transported to the federally designated facility by the United States Marshal's Service as directed by the Clerk of the Court;

5. That the time period for examination of defendant McKINNEY shall commence upon his receipt at the medical facility;

6. That the Clerk of the Court shall furnish by mail to the said institution at the aforesaid address, a certified copy of this Order and a certified copy of the Indictment in the above-captioned case;

7. That upon completion of said examination, the federal facility designated shall transmit a record of the result thereof to the Clerk of the United States District Court, Oxford, Mississippi, with a copy of the defendant's attorney, Thomas Levidiotis 114 Courthouse Square, P.O. Box 1617, Oxford, MS 38655 and to the Honorable Jim M. Greenlee, United States Attorney, Northern District of Mississippi, 900 Jefferson Avenue, Oxford, MS 38655;

8. Upon receipt of the report regarding defendant McKINNEY's competence, the Court will hold a hearing to determine whether to reinstate defendant's bond pending trial;

9. That the time from the filing of the Motion For Psychiatric/Psychological Examination in this case, until such time as it is fully resolved by the Court is hereby excluded under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1)(A) and (H).

10. That the trial of this cause, previously scheduled to begin on Monday, February 11, 2008 in Greenville, Mississippi, is hereby CONTINUED until further order of the Court.

SO ORDERED, this the 14th day of February, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

CERTIFYING STAMP
I hereby certify that the foregoing is a true copy of the original thereof now in my office.
Attest 2/14/08
David Crews, Clerk
By A-Adams
Deputy Clerk